

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>　　　　Darlene S. McKee,<br><br>　　　　　　　Debtor | Chapter 13<br>25-12615-CJP |

### <u>PRELIMINARY SCHEDULING ORDER</u>

The Court hereby schedules a preliminary evidentiary hearing on **December 17, 2025 at 3:30 p.m.** (the "Hearing") on the Motion to Extend the Automatic Stay [ECF No. 8] (the "Motion") filed by the debtor Darlene S. McKee (the "Debtor"), which is supported by an affidavit of the Debtor (the "Affidavit"). The Hearing will be conducted in **Courtroom 1, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts 02109**, with the option for parties in interest to appear by Zoom video. To obtain the video access information to the extent appropriate pursuant to this Order, parties in interest shall email the Courtroom Deputy at: cjp_courtroom_deputy@mab.uscourts.gov, by no later than **December 16, 2025 at 11:59 p.m.** providing the contact information for the party seeking to appear by video.

Preliminary objections to the Motion shall be filed no later than **December 16, 2025 at 4:30 p.m.** The Debtor shall serve a copy of this Order via ECF or first-class mail on all creditors, other parties in interest, and the Chapter 13 Trustee. The Debtor shall file a certificate of service reflecting such service has been made by no later than **December 11, 2025 at 4:30 p.m.**

If no preliminary objection is timely filed, service is made in accordance with this Order, and the Affidavit appears to set forth the facts necessary to satisfy the Debtor's burden under 11 U.S.C. § 362 (c), the Court may act on the Motion without the necessity of the Hearing. Given the shortened notice necessitated by 11 U.S.C. § 362(c) given the proximity of the filing of the Motion to the thirtieth day after the petition date and the Court's hearing schedule, any such order would only be provisional in nature and a further evidentiary hearing would be scheduled with a further objection deadline.

In the event an objection to provisional relief is timely filed, the Debtor's Affidavit shall constitute the Debtor's direct testimony and the Debtor shall be present at the Hearing in person and available for cross-examination. Any objecting party shall also be present in person at the Hearing. If the Debtor and all objecting parties agree, they may file a joint motion requesting that the Court (i) enter a provisional order extending the stay without prejudice to a later scheduled hearing on any objection(s) and whether

the stay should be further extended or (ii) allow remote testimony and appearances by counsel at the Hearing.

Dated: 12/10/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge